[No. A061088. First Dist., Div. Five. Jan. 21, 1994.]

HEATHER FARMS HOMEOWNERS ASSOCIATION, INC., Plaintiff and Respondent, v.
WAYNE ROBINSON, Defendant and Appellant.

COUNSEL

Smith, Merrill & Peffer, Charles E. Merrill and Karl R. Molineux for Defendant and Appellant.

Abend, Lepper, Jacobson, Schaefer & Hughes and Gary M. Lepper for Plaintiff and Respondent.

OPINION

PETERSON, P. J.—In this case, we hold that a trial court has the authority to determine the identity of the "prevailing party" in litigation, within the meaning of Civil Code[1] section 1354, for purposes of awarding attorney fees; and that a defendant dismissed without prejudice in an action to enforce equitable servitudes thereunder is not, ipso facto, such prevailing party.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is a dispute over attorney fees incurred in an action to enforce the covenants, conditions, and restrictions (CC&R's) which govern a residential planned unit development in Walnut Creek. Appellant in this action, Wayne Robinson, owned two units in the development. In January 1988, Heather Farms Homeowners Association, Inc. (association), the entity charged with enforcing the CC&R's, sued Robinson alleging he had made unauthorized modifications to his units. As so frequently happens in modern litigation, the complaint spawned a complex series of cross-complaints and subsidiary actions which eventually entangled the association itself, the association's attorneys, appellant's corporation, various real estate agents, and the persons who purchased appellant's units while the litigation was pending.

After several years of litigation, the actions were assigned to a trial judge (the Honorable Peter L. Spinetta) who, recognizing the complexity of the dispute, referred the matter to a second judge (the Honorable James J. Marchiano) for a special settlement conference. After two days of discussion, Judge Marchiano negotiated a settlement which resolved the litigation completely.

Only one aspect of that settlement is relevant to this appeal. While Robinson expressly declined to participate in any agreement with the association, the settlement nonetheless required the association to dismiss its suit against Robinson "without prejudice." However, Judge Marchiano cautioned

---

[1] Unless otherwise indicated, all subsequent statutory references are to the Civil Code.

that this should not be interpreted as meaning that Robinson had prevailed: "The Court is making a specific finding that there are no prevailing parties with respect to that issue [the dismissal without prejudice] and that the Court and the law [favor the] resolution of disputes. This dismissal is part of an overall complex piece of litigation . . . that's been resolved by a negotiated settlement. There are no winners. There are no favorable parties in this case."

At the conclusion of the settlement, Robinson filed a memorandum seeking to recover his costs from the association. He claimed that since the object of the association's suit was to enforce the development's CC&R's, the "prevailing party" in the litigation was entitled to recover attorney fees and costs under section 1354. Robinson maintained that since he had received a dismissal, he was the "prevailing party" and the association was obligated to pay his attorney fees of over $479,000, and his litigation costs of approximately $20,000.

The association conceded that section 1354 was applicable, but argued Robinson was not the "prevailing party" within the meaning of that section.

The trial court ruled that Robinson was the prevailing party for purposes of his general litigation expenses (filing fees, deposition costs, jury fees, etc.) and, thus, was entitled to recover those costs from the association, but that Robinson was not entitled to recover his attorney fees under section 1354. As to the latter issue, the court agreed with the settlement judge and concluded there was no "prevailing party" in the litigation within the meaning of section 1354. This appeal followed.

II. Discussion

The issue in this case is whether the trial court properly ruled that Robinson was not the "prevailing party" in the litigation within the meaning of section 1354. Section 1354 states that CC&R's may be enforced as "equitable servitudes" by "any owner of a separate interest or by the association, or by both," and that the "prevailing party" in any enforcement action "shall be awarded reasonable attorney's fees and costs."[2]

 The pivotal question here is how does a court determine who is the "prevailing party" for purposes of section 1354. The section itself provides no guidance and the issue has apparently not been decided by any court.

---

[2]Section 1354 was recently amended. (See Stats. 1993, ch. 303, § 1.) The language quoted above is now contained in subdivisions (a) and (f).

Robinson claims the court was obligated to adopt the definition found in the general cost statute, Code of Civil Procedure section 1032, subdivision (a)(4), which states a " '[p]revailing party' " includes "a defendant in whose favor a dismissal is entered . . . ." Robinson argues that, since he was the recipient of a dismissal and was awarded his general litigation costs, he must also be deemed the prevailing party for purposes of section 1354.

However, the premise for this argument, that a litigant who prevails under the cost statute is necessarily the prevailing party for purposes of attorney fees, has been uniformly rejected by the courts of this state. (See *McLarand, Vasquez & Partners, Inc.* v. *Downey Savings & Loan Assn.* (1991) 231 Cal.App.3d 1450, 1456 [282 Cal.Rptr. 828] ["We emphatically reject the contention that the prevailing party for the award of costs under [Code of Civil Procedure] section 1032 is necessarily the prevailing party for the award of attorneys' fees."].) Furthermore, Code of Civil Procedure section 1032, subdivision (a) only defines " '[p]revailing party' " as the term is used "in [that] section." It does not purport to define the term for purposes of other statutes.

The association, for its part, claims the trial court was required to adopt the definition found in section 1717, subdivision (b)(2) which states, "Where an action has been voluntarily dismissed or dismissed pursuant to a settlement of the case, there shall be no prevailing party for purposes of this section." However, section 1717 only applies "In any action . . . *where the contract specifically provides* that attorney's fees and costs . . . shall be awarded . . . ." (Subd. (a), italics added.) Here, both sides agree there was no contract upon which attorney fees might be based. Instead, fees were sought pursuant to statute.[3]

While the definition of "prevailing party" found in section 1717, subdivision (b) or in Code of Civil Procedure section 1032 might otherwise be persuasive as to the meaning intended in section 1354, under the principle that similar language used in statutes "in pari materia" should be given similar effect (see, e.g., *Isobe* v. *Unemployment Ins. Appeals Bd.* (1974) 12

---

[3]This fact distinguishes the present case from the cases cited by the association. The question in *Mackinder* v. *OSCA Development Co.* (1984) 151 Cal.App.3d 728 [198 Cal.Rptr. 864], and in *Huntington Landmark Adult Community Assn.* v. *Ross* (1989) 213 Cal.App.3d 1012 [261 Cal.Rptr. 875], was whether attorney fees could be awarded under a fee clause contained in a development's declaration of restrictions. In both cases, the court concluded that the declarations were contracts within the meaning of section 1717 and applied the rules for awarding attorney fees set forth in that section. (*Mackinder* v. *OSCA Development Co.*, *supra*, 151 Cal.App.3d at pp. 738-739; *Huntington Landmark Adult Community Assn.* v. *Ross*, *supra*, 213 Cal.App.3d at pp. 1023-1024.) Here, by contrast, the CC&R's do not include an attorney fees clause so fees were sought under a statute, section 1354.

Cal.3d 584, 590-591 [116 Cal.Rptr. 376, 526 P.2d 528]; *Housing Authority* v. *Van de Kamp* (1990) 223 Cal.App.3d 109, 116 [272 Cal.Rptr. 584]), that rule of construction is of little help here. Section 1717, subdivision (b) and Code of Civil Procedure section 1032 are both "in pari materia" with section 1354 in a broad sense, yet they provide conflicting definitions of the critical term. Neither party to this appeal has supplied a principled reason why we should select one definition over the other.

Faced with this lack of authority, we examine how the courts have dealt with similar statutes. In *Winick Corp.* v. *Safeco Insurance Co.* (1986) 187 Cal.App.3d 1502 [232 Cal.Rptr. 479], the issue was whether a defendant, who obtained a dismissal with prejudice because the plaintiff failed to timely serve the summons, was a prevailing party within the meaning of section 3250 and entitled to attorney fees. The court observed that the term "prevailing party" as used in section 3250 had not been definitively interpreted, so it analogized the problem to a Supreme Court case in which the issue was whether a party had prevailed for purposes of awarding attorney fees under Code of Civil Procedure section 1021.5, the private attorney general statute. Noting the court in that case conducted a " 'pragmatic inquiry' " into whether a party prevailed, the *Winick* court conducted a similar pragmatic inquiry and concluded a defendant, who obtains a dismissal with prejudice because the plaintiff fails to timely serve the complaint, has also prevailed and is entitled to attorney fees. (187 Cal.App.3d at pp. 1506-1508.)

In *Donald* v. *Cafe Royale, Inc.* (1990) 218 Cal.App.3d 168 [266 Cal.Rptr. 804], the plaintiff, a physically disabled man, filed suit against a restaurant alleging it had violated the Civil Code by failing to provide him adequate access. Among other things, the plaintiff sought an injunction under section 55 barring the restaurant from continuing its violation in the future. While the suit was pending, the restaurant became insolvent and closed. The trial court ruled the restaurant was the prevailing party on the injunction and awarded it attorney fees. The plaintiff appealed the award and the appellate court reversed: "In the instant case [the plaintiff] filed his section 55 cause of action in order to enjoin [the restaurant's] operation in violation of the pertinent statutes and administrative code provisions. The cessation of . . . operation of the restaurant achieved that result. Under these circumstances, it was an abuse of discretion for the court to determine that by going out of business and rendering the issue moot, [the restaurant] 'prevailed' for purposes of attorney fees. Neither party prevailed for purposes of an award of attorney fees on the cause of action for injunctive relief." (218 Cal.App.3d at p. 185.)

In *Elster* v. *Friedman* (1989) 211 Cal.App.3d 1439 [260 Cal.Rptr. 148], the residents of a duplex sued their noisy neighbors and sought an injunction

barring harassment under Code of Civil Procedure section 527.6. When the matter came to trial, the parties entered into a stipulated judgment wherein each side agreed not to harass the other. The trial court ruled that the plaintiffs had prevailed in the suit and awarded them attorney fees under Code of Civil Procedure section 527.6. The defendants then challenged this award and the appellate court affirmed. After noting the term "prevailing party" as used in that section had not been defined, the *Elster* court analyzed who had "prevailed" as a practical matter: "At bench, respondents wanted appellants to stop playing their music too loudly, to stop telephoning them in the middle of the night, and generally to leave them alone. Respondents got precisely that from the settlement. It is irrelevant that they were symmetrically bound by the injunction, since nothing in the record even hints that they were anything but the victims in this case. The injunction forbade respondents from doing what they apparently had never done and had no apparent desire to do. To consider this significant would be to elevate form over substance. [¶] We hold that the trial court did not abuse its discretion in concluding that respondents prevailed." (211 Cal.App.3d at p. 1444.)

■ *Winick*, *Donald*, and *Elster* all share a common theme. In each case, the court declined to adopt a rigid interpretation of the term "prevailing party" and, instead, analyzed which party had prevailed on a practical level. *Donald* and *Elster* further clarify that the trial court must determine who is the prevailing party, and that the court's ruling should be affirmed on appeal absent an abuse of discretion. We conclude similar rules should apply when determining who the "prevailing party" is under section 1354.

■ Applying those rules here, we note that both the judge who conducted the special settlement conference, and the judge who ruled on the attorney fee request concluded there was no prevailing party in this litigation. We see no reason to doubt those rulings. The association voluntarily dismissed its complaint against Robinson as part of a global settlement agreement, not because he succeeded on some procedural issue or otherwise received what he wanted. That dismissal apparently was more the result of Robinson's obdurate behavior rather than any successful legal strategy. While it might be possible to conjure a scenario where a litigant who refuses to participate in a settlement and then receives a voluntary dismissal without prejudice could be deemed the prevailing party, that is certainly not the case here.

Furthermore, the record before us is inadequate to seriously challenge the trial court's rulings. While we have copies of the complaint and some of the cross-complaints, and are generally aware of the parties involved, we have no way of measuring the truth of the allegations which were made.

Robinson, as appellant, has the obligation to prove error through an adequate record. (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 418, pp. 415-416.) He has not done so.

III. DISPOSITION

The order is affirmed.

King, J., and Haning, J., concurred.

A petition for a rehearing was denied February 15, 1994, and appellant's petition for review by the Supreme Court was denied April 13, 1994. Mosk, J., and Kennard, J., were of the opinion that the petition should be granted.