Opinion
 

 ORTEGA, J.
 

 We affirm the order denying defendant’s request for attorney fees and costs. The trial court committed no abuse of discretion by declining to name defendant as the prevailing party under Civil Code section 3344, subdivision (a), following plaintiff’s voluntary dismissal without prejudice of her causes of action for commercial appropriation of name and likeness brought under that statute.
 
 [1]
 

 Facts
 

 Plaintiff Melissa Gilbert sued her former husband, Chester Harry Brink-man III, and appellant National Enquirer, Inc., for defamation and invasion of privacy. In 1995, the trial court issued a preliminary injunction which, among other things, “prohibited Brinkman from making any statements or disclosing any information to the Enquirer, outside the course and scope of preparing a defense against th[e] lawsuit, and without a written agreement not to publish such information.”
 
 (Gilbert
 
 v.
 
 National Enquirer, Inc.
 
 (1996)
 
 *1275
 
 43 Cal.App.4th 1135, 1142 [51 Cal.Rptr.2d 91].) Brinkman and the Enquirer appealed from the preliminary injunction, which we reversed as “an unconstitutional prior restraint on [their] First Amendment rights.”
 
 {Id.
 
 at p. 1144.)
 

 While the appeal from the preliminary injunction was pending, the trial court sustained the Enquirer’s demurrer to the first amended complaint with leave to amend on October 11, 1995. On October 31, 1995, Gilbert filed a second amended complaint which added the two commercial appropriation causes of action at issue herein. In those causes of action, Gilbert alleged the Enquirer had published two wholly fabricated and fictitious interviews with her in its June 6 and October 24, 1995, issues, thus allegedly misappropriating her name, personality, and likeness.
 

 The Enquirer demurred to the second amended complaint. On April 9, 1996, the court sustained the demurrer without leave to amend as to the first five causes of action for libel and invasion of privacy, but overruled it as to the two new causes of action for commercial appropriation. On the same date, the court also denied the Enquirer’s motion to limit initial discovery to the issue of whether the disputed interviews had actually occurred.
 

 Three months after the commercial appropriation claims survived the demurrer, Gilbert voluntarily dismissed them without prejudice. With all causes of action against the Enquirer having been disposed of by either demurrer or voluntary dismissal, the court entered a judgment of dismissal for the Enquirer on July 31, 1996. Gilbert filed an appeal from that judgment.
 

 Thereafter, the Enquirer moved for attorney fees and costs of $111,627.26 as the prevailing party on the commercial appropriation claims under section 3344, subdivision (a). That statute provides in relevant part, “The prevailing party in any action under this section shall also be entitled to attorney’s fees and costs." (§ 3344, subd. (a).) The trial court, however, found there was no prevailing party under section 3344, subdivision (a) and denied the motion. This appeal followed.
 

 Issues
 

 The Enquirer contends the matter must be remanded for three alternative reasons: (I) If the general cost statute (Code Civ. Proc., § 1032) divested the trial court of discretion to deny it prevailing party status under section 3344, subdivision (a), the order must be reversed and remanded for an appropriate award of fees and costs. (II) If the trial court possessed discretion to deny the Enquirer prevailing party status under section 3344, subdivision (a), the
 
 *1276
 
 order must be reversed and remanded for an exercise of discretion. (III) If
 
 International Industries, Inc.
 
 v.
 
 Olen
 
 (1978) 21 Cal.3d 218 [145 Cal.Rptr. 691, 577 P.2d 1031] precluded the Enquirer from recovering fees following a voluntary dismissal without prejudice, the matter must be remanded for a determination of its right to recover statutory costs exclusive of fees.
 

 Discussion
 

 I
 

 We have found no cases, and the parties have cited none, interpreting the term “prevailing party” as used specifically in section 3344, subdivision (a). The Enquirer urges us to turn to the general cost statute, Code of Civil Procedure section 1032, subdivision (a)(4), for guidance. In
 
 Elster
 
 v.
 
 Friedman
 
 (1989) 211 Cal.App.3d 1439, 1443 [260 Cal.Rptr. 148], for example, Division Two of this district referred to the general cost statute for guidance in interpreting Code of Civil Procedure section 527.6, former subdivision (h) (now subdivision (i)), which provided for costs and fees to the “prevailing party” in any action brought under that statute to obtain an injunction prohibiting harassment. The parties in
 
 Elster
 
 entered into a stipulated judgment which, in effect, awarded , the plaintiffs all the relief they had sought. The trial court awarded the plaintiffs in
 
 Elster
 
 their costs and fees as the “prevailing party” under Code of Civil Procedure section 527.6, aided by a definition of that term found in the general cost statute. In this case, the Enquirer urges us to look to the portion of the general cost statute’s definition of “prevailing party” which includes “. . . a defendant in whose favor a dismissal is enteredf.]” (Code Civ. Proc., § 1032, subd. (a)(4).)
 

 The Enquirer contends that this definition of “prevailing party,” combined with subdivision (b) of Code of Civil Procedure section 1032 (“Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding.”), requires that it be declared the prevailing party under section 3344. Quoting
 
 Michell
 
 v.
 
 Olick
 
 (1996) 49 Cal.App.4th 1194, 1197 [57 Cal.Rptr.2d 227] (“As rewritten [in 1986], [Code of Civil Procedure] section 1032 now declares that costs are available as ‘a matter of right’ when the prevailing party is within one of the four categories designated by statute. ([Code Civ. Proc.,] § 1032, subds. (a)(4), (b).)”), the Enquirer asserts the trial court had no discretion to withhold attorney fees under section 3344, subdivision (a) from the party in whose favor a dismissal was entered.
 

 While two appellate decisions cited by the Enquirer,
 
 County of Santa Barbara
 
 v.
 
 David R.
 
 (1988) 200 Cal.App.3d 98, 101 [245 Cal.Rptr. 836], and
 
 *1277
 

 Catello
 
 v.
 
 I.T.T. General Controls
 
 (1984) 152 Cal.App.3d 1009, 1012, footnote 4 [200 Cal.Rptr. 4], offer some indirect support for the Enquirer’s position, we find another decision,
 
 Heather Farms Homeowners Assn. Inc.
 
 v.
 
 Robinson
 
 (1994) 21 Cal.App.4th 1568 [26 Cal.Rptr.2d 758]
 
 (Heather Farms),
 
 more on point.
 
 Heather Farms
 
 found the trial court possessed the discretion to conclude there was no prevailing party following the plaintiff’s voluntary dismissal of the complaint. The statute at issue in
 
 Heather Farms
 
 provided for attorney fees and costs to the prevailing party in an action to enforce covenants, conditions, and restrictions governing a residential planned unit development. (§ 1354, subd. (f).) After the plaintiff in
 
 Heather Farms
 
 voluntarily dismissed the complaint pursuant to a settlement agreement, the defendant moved for fees and costs under section 1354. The defendant argued that as a party in whose favor a dismissal had been entered (Code Civ. Proc., § 1032, subd. (a)(4)), he was entitled to fees under section 1354. The trial court, however, refused to name a prevailing party for purposes of that statute. The appellate court affirmed, stating “the trial court must determine who is the prevailing party [under section 1354, subdivision (f)], and that . . . court’s ruling should be affirmed on appeal absent an abuse of discretion.”
 
 {Heather Farms, supra,
 
 21 Cal.App.4th at p. 1574.) The appellate court further cautioned against “adopting] a rigid interpretation of the term ‘prevailing party’ and, instead, [urged trial courts to] analyzed which party had prevailed on a practical level.”
 
 {Ibid.)
 

 In this case, Gilbert argued the Enquirer was not the prevailing party under section 3344 on a “practical level,” citing
 
 Heather Farms, supra,
 
 21 Cal.App.4th at page 1574. Gilbert maintained she had dismissed her section 3344 causes of action without prejudice simply to expedite her appeal concerning the libel and invasion of privacy causes of action which did not survive the Enquirer’s demurrer. Due to the small amount of discovery that had been accomplished during the few months between the demurrer and her voluntary dismissal, she asserted it was premature to determine whether there was a prevailing party under section 3344. In any event, Gilbert contended she, and not the Enquirer, had prevailed on the demurrer to the section 3344 claims. (She also argued the bill for $111,627.26 was excessive, but that issue need not be addressed in light of our affirmance of the order denying the motion for fees and costs under section 3344.)
 

 The trial court’s denial of the Enquirer’s motion for fees and costs was, we conclude, an implicit and rational adoption of Gilbert’s arguments. We affirm the order denying the Enquirer’s motion for fees and costs under section 3344 as a valid exercise of discretion. The issue below was not whether the initial discovery tended to favor one side or the other, as the Enquirer asserted, but whether it was even possible to determine, only a few
 
 *1278
 
 months beyond the demurrer stage, whether either side had prevailed on a practical level. We see no reason to overturn the trial court’s decision.
 

 II, III
 
 *
 

 Disposition
 

 We affirm the order denying the Enquirer’s motion for fees and costs under section 3344 and award Gilbert costs on appeal.
 

 Spencer, P. J., and Vogel (Miriam A.), J., concurred.
 

 Appellant’s petition for review by the Supreme Court was denied August 20, 1997. Werdegar, J., did not participate therein.
 

 [1]
 

 Unless otherwise indicated, all further statutory references are to the Civil Code.
 

 *
 

 See footnote,
 
 ante,
 
 page 1273.