[No. B129512. Second Dist., Div. Three. May 22, 2000.]

ANTONIO CRUZ GALAN et al., Plaintiffs and Respondents, v. WOLFRIVER HOLDING CORPORATION, Defendant and Appellant.

**COUNSEL**

Vicki M. Roberts for Defendant and Appellant.

Litt & Associates, Barrett S. Litt and Annie T. Houriez for Plaintiffs and Respondents.

**OPINION**

**KLEIN, P. J.**—Defendant and appellant Wolfriver Holding Corporation (Wolfriver) appeals an order denying its motion for attorney fees after plaintiffs and respondents Antonio Cruz Galan et al. (collectively, Galan) voluntarily dismissed their action against Wolfriver.[1]

The essential issue presented is whether the trial court abused its discretion in finding Wolfriver was not the prevailing party for purposes of

---

[1] In addition to Galan, the plaintiffs and respondents are: Guadalupe Fabian Santibanez; Teofilo Lee Romero; Alicia Caballero de Lerma, individually and on behalf of a class composed of all tenants and/or residents of 916 Georgia Street, Los Angeles, California; Andres Cruz Santibanez, by and through his guardian ad litem, Antonio Cruz Galan; Jesus Antonio Lerma, by and through his guardian ad litem, Alicia Caballero de Lerma; and Christian David Lerma, by and through his guardian ad litem, Alicia Caballero de Lerma.

recovery of attorney fees. We conclude plaintiffs' voluntary dismissal of their action against Wolfriver did not confer prevailing party status upon Wolfriver for purposes of recovering attorney fees pursuant to Civil Code section 1942.4.

On this record, the trial court acted within its discretion in finding Wolfriver was not the prevailing party. Therefore, the order is affirmed.

### FACTUAL AND PROCEDURAL BACKGROUND

This matter arose from a slum housing case against Daniel Lee related to his ownership and operation of substandard buildings in the downtown Los Angeles area. After Lee defaulted on his building at 916 Georgia Street (the building), the bank that financed the building, Far East National Bank (Far East), acquired it in December 1993. Far East thus was named as a defendant in the lawsuit filed by Galan.

In August 1994, Far East sold the building to Wolfriver. Thereafter, Wolfriver and its various principals or agents, Mauricio Candelario, Prairie Management Company, Frank Ticas and Milton Roca, were added as Doe defendants.

When Wolfriver took over the building, it had serious habitability problems. The roof leaked, the plumbing and heating systems required work, the building was infested with cockroaches and rats, and seismic work had not been completed. By 1996, the building was in the city's rent escrow account program, under which rents were paid to the city, with the moneys released to pay for repairs.

In the spring of 1998, the case was resolved with respect to the Lee defendants and Far East. As part of their settlement with Far East, plaintiffs agreed to dismiss the case against the Wolfriver defendants. This was significant to Far East because Wolfriver had a claim against Far East for fraud in the transfer, and Wolfriver's claims included reimbursement for the cost of defending the lawsuit. Plaintiffs agreed to dismiss Wolfriver because Wolfriver was uninsured and it was questionable whether a judgment against Wolfriver was collectible. Plaintiffs dismissed their claims against Wolfriver without prejudice.

Wolfriver then brought a motion against plaintiffs for attorney fees and costs, seeking attorney fees amounting to $13,785 plus other costs totaling $774. Plaintiffs moved to strike or tax costs.

The matter was heard on December 9, 1998. The trial court awarded costs to Wolfriver in the sum of $674 but denied its request for attorney fees. The

trial court set forth its reasons in a tentative decision, which it adopted as its final ruling. In denying attorney fees, the trial court explained: "1. It appears from the case law that the Court has discretion to determine which party prevailed 'at a practical level.' [¶] Wolfriver has not established that it has prevailed. It has not established that the building it purchased did not have the problems which plaintiffs have alleged, nor has it established that all or some of those problems were caused by tenant sabotage. [¶] Instead, it appears that plaintiffs made a satisfactory settlement with the other defendants, which included as a condition that plaintiffs dismiss Wolfriver. [¶] Further, having settled, plaintiffs made a practical determination that it was not worth pursuing Wolfriver through what would have been a costly trial. [¶] Thus, at the practical level the court concludes that there is no prevailing party. The merits of the dispute against Wolfriver were never resolved. Instead, it appears that Wolfriver 'waited the plaintiffs out,' betting that the plaintiffs, having settled with the other defendants, would let Wolfriver go."

On February 5, 1999, Wolfriver filed a notice of appeal from the order denying its motion for attorney fees.[2]

## CONTENTIONS

■ Wolfriver contends the trial court erred in denying the motion for attorney fees because the trial court found that Wolfriver was the prevailing party and awarded it costs, and as the prevailing party within the meaning of Code of Civil Procedure section 1032 it was also entitled to its attorney fees pursuant to Civil Code section 1942.4.

## DISCUSSION

*Trial court acted within its discretion in finding there was no prevailing party within the meaning of Civil Code section 1942.4.*

Plaintiffs' complaint included a cause of action for violation of Civil Code section 1942.4. Said statute provides in relevant part: "(a) Any landlord who demands or collects rent when all of the following conditions exist is liable to the tenant or lessee for the actual damages sustained by the tenant or lessee and special damages in an amount not less than one hundred dollars ($100) nor more than one thousand dollars ($1,000): [¶] (1) The rental dwelling substantially lacks any of the affirmative standard characteristics listed in Section 1941.1. [¶] . . . [¶] (b) *In addition to recovery of allowable costs of suit, the prevailing party shall be entitled to recovery of reasonable attorney's fees in an amount fixed by the court.*" (§ 1942.4, italics added.)

---

[2]The order is appealable as an order after judgment. (Code Civ. Proc., § 904.1, subd. (a)(2).)

Wolfriver's theory is that because plaintiffs' cause of action against Wolfriver under Civil Code section 1942.4 ended in a dismissal, Wolfriver was the prevailing party as a matter of law and is entitled to its attorney fees in addition to costs.

Wolfriver's contention it was the prevailing party is based on the definition of that term as set forth in Code of Civil Procedure section 1032. Said statute, pertaining to recovery of costs, defines a prevailing party as follows: "(a) *As used in this section*, unless the context clearly requires otherwise: [¶] . . . [¶] (4) 'Prevailing party' includes the party with a net monetary recovery, *a defendant in whose favor a dismissal is entered*, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant." (§ 1032, subd. (a)(4), italics added.)

We reject Wolfriver's attempt to import the definition of "prevailing party" under Code of Civil Procedure section 1032 into Civil Code section 1942.4. Pursuant to section 1032, a prevailing party is entitled to recover costs in an action or proceeding. (§ 1032, subd. (b).) However, in defining the term "prevailing party," section 1032 begins with the phrase "[a]s used in this section[.]" (§ 1032, subd. (a).) Thus, section 1032 does not purport to define the term "prevailing party" for all purposes.

Further, although Civil Code section 1942.4 authorizes an award of attorney fees to the prevailing party, nowhere in that statute is there a definition of "prevailing party." Therefore, it would appear the determination of which party, if either, prevailed in an action brought under section 1942.4 is a matter left to the discretion of the trial court.

*Heather Farms Homeowners Assn. v. Robinson* (1994) 21 Cal.App.4th 1568 [26 Cal.Rptr.2d 758] (hereafter, *Heather Farms*) is instructive. In *Heather Farms*, the court was presented with the question of defining "prevailing party" within the meaning of Civil Code section 1354, pertaining to enforcement of CC&R's (covenants, conditions, and restrictions). Faced with the lack of an explicit definition within that statute, *Heather Farms* held the trial court had discretion to determine the identity of the prevailing party for purposes of awarding attorney fees, and that a defendant dismissed without prejudice in an action to enforce equitable servitudes is not by reason of that fact the prevailing party. (*Heather Farms, supra,* 21 Cal.App.4th at pp. 1570-1571, 1574.)

*Heather Farms* explained: "[T]he premise for th[e] argument, that a litigant who prevails under the cost statute is necessarily the prevailing party

for purposes of attorney fees, has been uniformly rejected by the courts of this state. (See *McLarand, Vasquez & Partners, Inc. v. Downey Savings & Loan Assn.* (1991) 231 Cal.App.3d 1450, 1456 [282 Cal.Rptr. 828] ['We emphatically reject the contention that the prevailing party for the award of costs under [Code of Civil Procedure] section 1032 is necessarily the prevailing party for the award of attorneys' fees.'].)" (*Heather Farms, supra,* 21 Cal.App.4th at p. 1572.) *Heather Farms* also observed that section 1032, subdivision (a) "only defines ' "[p]revailing party" ' as the term is used 'in [that] section.' It does not purport to define the term for purposes of other statutes." (*Heather Farms, supra,* 21 Cal.App.4th at p. 1572.)

In *Gilbert v. National Enquirer, Inc.* (1997) 55 Cal.App.4th 1273 [64 Cal.Rptr.2d 659], involving an action for commercial appropriation under Civil Code section 3344, the court reached a similar conclusion. There, the plaintiff voluntarily dismissed the commercial appropriation claims without prejudice. (55 Cal.App.4th at p. 1275.) The defendant then sought attorney fees as the prevailing party on the commercial appropriation claims under Civil Code section 3344. (55 Cal.App.4th at p. 1275.) Defendant argued the prevailing party definition under Code of Civil Procedure section 1032, subdivision (a)(4), combined with subdivision (b) thereof, which entitles the prevailing party to costs, required that it be declared the prevailing party for purposes of recovering attorney fees under Civil Code section 3344. (55 Cal.App.4th at p. 1276.) *Gilbert* upheld the trial court's discretion in concluding there was no prevailing party following the plaintiff's voluntary dismissal of her commercial appropriation claims. (*Id.* at pp. 1277-1278.)

By a parity of reasoning, we decline to read Code of Civil Procedure section 1032's definition of prevailing party into Civil Code section 1942.4. Therefore, although plaintiffs dismissed their action against Wolfriver, that event did not confer prevailing party status upon Wolfriver as a matter of law for purposes of recovering attorney fees under section 1942.4.

Instead, the trial court had discretion to determine whether Wolfriver was the prevailing party "on a practical level." (*Heather Farms, supra,* 21 Cal.App.4th at p. 1574.) On this record, the trial court acted well within its discretion in finding there was no prevailing party. As indicated, the settlement between plaintiffs and the other defendants did not exonerate Wolfriver. Rather, the trial court found "it appears that plaintiffs made a satisfactory settlement with the other defendants, which included as a condition that plaintiffs dismiss Wolfriver. [¶] Further, having settled, plaintiffs made a practical determination that it was not worth pursuing Wolfriver through what would have been a costly trial. [¶] Thus, at the practical level the court concludes that there is no prevailing party. The merits of the dispute against

Wolfriver were never resolved. Instead, it appears that Wolfriver 'waited the plaintiffs out,' betting that the plaintiffs, having settled with the other defendants, would let Wolfriver go." Under these circumstances, the trial court did not abuse its discretion in rejecting Wolfriver's claim it was the prevailing party for purposes of recovering attorney fees under Civil Code section 1942.4.

In sum, although plaintiffs' voluntary dismissal entitled Wolfriver to recover its costs as the prevailing party under Code of Civil Procedure section 1032, the trial court properly found Wolfriver was not the prevailing party for purposes of recovering attorney fees under Civil Code section 1942.4.

DISPOSITION

The order is affirmed. Galan to recover costs on appeal.

Kitching, J., and Aldrich, J., concurred.