Filed 2/23/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| VARNEY ENTERTAINMENT GROUP, INC., <br><br> Plaintiff and Respondent. <br><br> v. <br><br> AVON PLASTICS, INC., <br><br> Defendant and Appellant, | G058903 <br><br> (Super. Ct. No. 30-2017-00958507) <br><br> O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Sheila Fell, Judge.  Affirmed.

Klein & Wilson, Mark B. Wilson; Cates Peterson and Mark D. Peterson for Defendant and Appellant.

Foley, Bezek, Behle & Curtis, Roger N. Behle, Jr., Kevin D. Gamarnik, and Jordan A. Liebman for Plaintiff and Respondent.

\*          \*          \*

This appeal arises from the trial court's denial of the defendant's motion for attorney fees and costs. The plaintiff's operative complaint alleged claims for breach of contract and for unauthorized commercial use of name or likeness in violation of Civil Code section 3344 (§ 3344). The defendant served a statutory offer to compromise under Code of Civil Procedure section 998 (§ 998), offering to have a $250,000 judgment entered against it on both claims, plus attorney fees and costs through the date of the offer. Less than a week later, while its section 998 offer was still pending, the defendant offered to enter into a stipulated judgment for $191,626.03 on the contract claim only, and further offered that the plaintiff would be the prevailing party on that claim for purposes of awarding attorney fees and costs. The plaintiff accepted the second offer and never responded to the section 998 offer. Two months later, at the beginning of trial, the plaintiff dismissed its remaining section 3344 claim without prejudice so it could refile that claim in a different jurisdiction.

The defendant moved for attorney fees and costs based on section 3344's fee shifting provision and its unaccepted section 998 offer. The trial court denied its motion, and we affirm. Section 3344 does not provide a basis for awarding the defendant its fees or costs here because the defendant was not the prevailing party on that claim within the meaning of section 3344. And section 998 does not provide a basis for shifting fees or costs to the defendant because the defendant's offer to enter into a stipulated judgment extinguished its prior section 998 offer.

## FACTS

Jason Varney is a master dock builder and was the star of a cable television show called "Docked Out." He is also the president and sole shareholder of plaintiff Varney Entertainment Group, Inc. (Varney). Defendant Avon Plastics Inc., d/b/a/ Master Mark Plastic Products (Avon), manufactures products used to build docks.

2

In 2016, Varney and Avon entered into a written endorsement agreement, under which Mr. Varney agreed to promote Avon's brand and products and allow Avon to use his name and likeness for two years in exchange for payment. The contract allowed Avon to terminate the contract early if "Docked Out" was no longer broadcast on television. It also contained a prevailing party attorney fee provision.

Midway through the contract term, "Docked Out" was cancelled. Avon then unilaterally terminated the agreement and stopped paying Varney. Varney challenged the termination because "Docked Out" reruns remained available for viewing on the internet.

In late 2017, Varney filed a complaint against Avon, asserting a single cause of action for breach of contract. The parties litigated the claim for over a year.

On April 5, 2019, Varney filed a first amended complaint, which alleged that Avon had used Mr. Varney's name and likeness without permission, and which added a cause of action for unauthorized commercial use of name, voice, signature, photograph, or likeness in violation of section 3344.

Five days later, on April 10, Avon served Varney with a section 998 offer to compromise. We discuss the offer's terms in greater detail below, but generally speaking, Avon offered to have judgment entered in Varney's favor in the amount of $250,000, plus statutory costs including attorney fees through the date of the offer.

On April 16, while its section 998 offer was still pending, Avon sent Varney's counsel a letter explaining that Avon was tendering the full amount owed under the contract, plus interest, for a total payment of $191,626.03, and stating that if Varney accepted the tender as satisfaction of the full amount owed under the contract, Avon would stipulate that Varney was the prevailing party on the contract claim so it could seek statutory attorney fees and costs (the second offer).

Varney accepted the second offer, and Avon wired $191,626.03 to Varney. The parties then filed a stipulation for entry of judgment for Varney in the amount of

3

$191,626.03 on Varney's contract cause of action. The stipulated judgment specified that Varney was the prevailing party on that claim so it could seek statutory costs, including attorney fees.

Over the next seven weeks, the parties prepared for trial on Varney's remaining section 3344 claim; they engaged in expert discovery and filed various pretrial motions. Varney's damages expert testified at deposition that Varney would be seeking more than $16 million on that cause of action.

The parties answered ready for trial on June 18. That morning, the trial court granted Avon's pretrial motion for an order declaring that Tennessee law would apply to Varney's section 3344 claim, effectively cutting off Varney's ability to recover statutory damages under section 3344. The court also granted Avon's motion to exclude the testimony of Varney's expert witness, finding his testimony was "not reliable."

Later that day, just as jury selection was about to commence, Varney orally dismissed its section 3344 claim without prejudice. It later filed a new action against Avon in Tennessee, asserting a claim for unauthorized commercial use of name, voice, signature, photograph, or likeness.

Both parties subsequently moved for attorney fees and costs. Citing the contract's fee shifting provision and the stipulated judgment on the contract cause of action, Varney argued it was the prevailing party in the overall litigation because it achieved its litigation goals of (1) stopping Avon from using Mr. Varney's name, image, and likeness, and (2) securing payment from Avon for what it owed; thus, asserted Varney, as the prevailing party it was entitled to the $271,244 in attorney fees and the $32,022 in costs it incurred through July 2019.

Avon argued it was entitled to attorney fees on two grounds. First, citing section 998's cost shifting provision, Avon asserted it was entitled to the $242,808 in attorney fees it incurred after serving its section 998 offer, because Varney recovered only $191,626.03 total, which was less than the $250,000 amount offered in Avon's

4

section 998 offer. Second, citing section 3344's fee shifting provision, Avon claimed it was the prevailing party on the section 3344 claim because Varney dismissed that claim without prejudice; Avon therefore argued it was entitled to the additional $22,690 in attorney fees it incurred on the section 3344 claim before it served the section 998 offer. Avon also sought over $31,000 in costs.

The trial court granted Varney's motion for fees and costs, finding Varney was the prevailing party on the contract claim and was entitled to $125,000 in attorney fees and $10,000 in costs.[1] The court denied Avon's motion. It reasoned there was no prevailing party on the section 3344 claim because there was no resolution on the merits, and thus no basis to award fees under section 3344. It also declined to shift costs to Avon under section 998, reasoning that "[b]ecause Avon Plastics is not a prevailing party, the 'more favorable judgment' analysis of CCP §998 does not apply."

The trial court entered judgment for Varney on the first cause of action, awarding $191,626.03 in damages, $125,000 in attorney fees, and $10,000 in costs, for a total judgment of $326,626.03. Avon appealed.

## DISCUSSION

Avon does not challenge Varney's entitlement to attorney fees and costs on the contract cause of action. Its appeal is limited to the trial court's denial of Avon's motion for attorney fees and costs under section 3344 and section 998.

Before turning to Avon's arguments, we begin with a brief overview of the various fee and cost shifting statutes and statutory provisions at play. "California generally follows what is commonly referred to as the 'American Rule,' which provides that each party to a lawsuit must ordinarily pay his or her own attorney fees." (*Tract*

---

[1] The trial court found Varney's evidence in support of its fee request "deficient in several respects" and therefore in its discretion awarded Varney only a fraction of the fees and costs requested.

5

*19051 Homeowners Assn. v. Kemp* (2015) 60 Cal.4th 1135, 1142.) However, "the Legislature has established a variety of exceptions to the American Rule by enacting numerous statutes that authorize or mandate an award of attorney fees in designated circumstances." (*Ibid.*) Additionally, "[p]arties may contractually agree that if litigation ensues, the prevailing party will be awarded attorney fees." (*R.W.L. Enterprises v. Oldcastle, Inc*. (2017) 17 Cal.App.5th 1019, 1025.)

The parties' conflicting fee motions implicated both a contractual fee provision and various fee and cost shifting statutes. First, as noted above, Avon and Varney's endorsement contract contained the following prevailing party attorney fee provision: "In the event of any arbitration or litigation, including breach, enforcement or interpretation, arising out of this Agreement, the prevailing party of such litigation shall be entitled to recover reasonable attorneys' fees, costs, and expenses, including pre-litigation and appellate attorneys' fees and costs." (See also Civ. Code, § 1717 [in an action on the contract, the prevailing party, as determined by the court, is entitled to reasonable attorney fees as an element of costs if the contract provides for attorney fees and costs to the prevailing party].)

Second, section 3344, the statute on which Varney based its second cause of action, provides that "[t]he prevailing party in any action under this section shall also be entitled to attorney's fees and costs." (§ 3344, subd. (a).)

Third, section 998 requires cost shifting when a party fails to accept a statutory offer to comprise and then fails to obtain a more favorable judgment or award; in those circumstances, "the plaintiff shall not recover his or her postoffer costs and shall pay the defendant's costs from the time of the offer." (§ 998, subd. (c)(1).)

Finally, Code of Civil Procedure section 1032 (§ 1032) provides that a prevailing party—which the statute defines to include "a defendant in whose favor a dismissal is entered"—is entitled as a matter of right to recover its "costs," "[e]xcept as otherwise expressly provided by statute." (§ 1032, subds. (a)(4), (b).) Code of Civil

6

Procedure section 1033.5 (§ 1033.5) adds that attorney fees are allowable as costs under section 1032 when authorized by contract, statute, or law. (§ 1033.5, subds. (a)(10)(A)-(C), (c)(5)(A)-(B).)

      1.      *Avon's Request for Fees and Costs under Section 3344*

Avon asserts the trial court erred when it denied Avon's motion for attorney fees and costs incurred in defending Varney's section 3344 claim. According to Avon, section 3344 compels Varney to pay Avon's fees and costs because Avon was the prevailing party on that claim. We disagree with that conclusion based on the facts before us here.

As noted, Varney amended its complaint shortly before trial to add a cause of action under section 3344, which provides for statutory damages when a defendant knowingly uses another's name or likeness in products or advertising without that person's consent. When the parties answered ready for trial, the trial court ordered that Tennessee law (not California's Civil Code section 3344) would apply to Varney's claim, and it granted Avon's motion to exclude the testimony of Varney's expert witness. In apparent response to that ruling, Varney dismissed its section 3344 claim without prejudice, electing instead to litigate that claim in Tennessee. Avon then sought to recover its attorney fees and costs under section 3344's fee shifting provision, which provides that "[t]he prevailing party in any action under this section shall also be entitled to attorney's fees and costs." (§ 3344, subd. (a).)

Finding that Avon was not the prevailing party, the trial court denied Avon's motion: "[I]n order to be a prevailing party on a cause of action under [section 3344] there must be a disposition on the merits of the claim. The disposition here was through a voluntary dismissal, not on the merits. As a result, it is not possible for the Court to decide whether either party prevailed on its claims on this cause of action on a practical level. The dismissal precludes this finding. Further, since the merits of the claim for use of another's name, voice, signature, photographs or likeness in advertising

7

or soliciting without prior consent may still be determined in another forum, there is also no basis for finding there is a prevailing party here." We review the trial court's prevailing party determination under section 3344 for abuse of discretion. (*Olive v. General Nutrition Centers, Inc*. (2018) 30 Cal.App.5th 804, 824 (*Olive*).)

Section 3344 does not define the term "prevailing party." In the absence of a statutory definition, courts have concluded prevailing party status under section 3344 should be determined by examining whether a party prevailed on a practical level and the extent to which each party realized its litigation objectives. (*Olive, supra,* 30 Cal.App.5th at p. 824; *Gilbert v. National Enquirer, Inc*. (1997) 55 Cal.App.4th 1273, 1277 (*Gilbert*).) If neither party realized its litigation objectives, a court may conclude that neither party prevailed. (*Olive,* pp. 826-827.)

Applying those standards here, we see no abuse of discretion in the trial court's refusal to award Avon its attorney fees or costs under section 3344. Varney voluntarily dismissed its section 3344 claim without prejudice and refiled that claim in Tennessee. Because litigation of that claim was ongoing, albeit in a different jurisdiction, the trial court had a rational basis for finding Avon had not yet realized its litigation objectives, and thus was not the prevailing party under section 3344.

True, a voluntary dismissal without prejudice might support a defendant's claim for attorney fees or costs in other circumstances. (See, e.g., § 1032, subd. (a)(4) ["'prevailing party'" for purposes of costs award includes "a defendant in whose favor a dismissal is entered"]; Civ. Code, § 798.85 [in an action under the mobilehome residency law, a party may recover attorney fees after a voluntary dismissal]; Code Civ. Proc., § 527.6 [in action for harassment restraining order, "prevailing party" includes a defendant in whose favor a dismissal is entered]; cf. § 1717, subd. (b)(2) [if an action on a contract is voluntarily dismissed, "there shall be no prevailing party for purposes of" awarding attorney fees under a fee shifting contract provision].)

8

However, a defendant's entitlement to recover attorney fees or costs following a voluntary dismissal without prejudice depends on whether the language of the authorizing statute can be interpreted to allow such recovery. We are aware of no published opinion interpreting section 3344 to require a fee award following a voluntary dismissal without prejudice; at least one court rejected that interpretation. (See *Gilbert, supra,* 55 Cal.App.4th at p. 1277 [trial court did not abuse discretion in finding defendant was not "prevailing party" on section 3344 claim, which plaintiff had voluntarily dismissed so she could expedite appeal on other claims that did not survive demurrer].) Like the *Gilbert* court, we decline to rewrite section 3344 to include section 1032's definition of "prevailing party," which includes "a defendant in whose favor a dismissal is entered." (§ 1032, subd. (a)(4); see *Gilbert* at p. 1277; see also *Sharif v. Mehusa, Inc.* (2015) 241 Cal.App.4th 185, 192 ["courts have repeatedly rejected the contention that the prevailing party definitions in Code of Civil Procedure section 1032, subdivision (a)(4) 'should be automatically applied in cases where the authorizing attorney fees statute does not define prevailing party'"]; *Galan v. Wolfriver Holding Corp.* (2000) 80 Cal.App.4th 1124, 1128 ["section 1032 does not purport to define the term 'prevailing party' for all purposes"].)

For these reasons, we conclude the trial court did not abuse its discretion in declining to award Avon its attorney fees and costs under section 3344.

2. *Avon's Request for Fees and Costs under Section 998*

Avon next contends the trial court erred in denying its request for attorney fees and costs under section 998. Again, we disagree.

As noted, section 998 requires cost shifting when a party fails to accept a statutory offer to comprise. The statute provides that at least 10 days before trial, a defendant "may serve an offer in writing upon any other party to the action to allow judgment to be taken or an award to be entered in accordance with the terms and conditions stated." (§ 998, subd. (b).) If the plaintiff accepts the offer, the court "shall

9

enter judgment accordingly." (*Id.*, subd. (b)(1).) But if the plaintiff does not accept the offer and fails to obtain a more favorable judgment, the plaintiff "shall not recover his or her postoffer costs and shall pay the defendant's costs from the time of the offer." (*Id.*, subd. (c)(1).) "[C]osts" include those items allowable as costs to the prevailing party as a matter of law, including attorney fees awarded by statute or contract. (See § 1033.5, subd. (a)(10).)

In this case, Avon served Varney with a section 998 offer to "to have judgment entered in favor of plaintiff Varney . . . and against Avon in the amount of $250,000, plus statutory costs including attorney's fees, incurred to the date of this offer in the amount determined by the court, according to proof, subject to the following. If Varney accepts payments made by Avon to Varney after the date of this offer, then those payments shall reduce the amount of the judgment provided for here (i.e., if Varney accepts this offer, it shall seek and receive judgment only in the amount of $250,000 [plus costs and fees provided above] minus any amounts of money it accepts from Avon after the date of this offer)."

Six days later, while Avon's section 998 offer was still pending, Avon sent Varney's counsel a letter that effectively contained a new and different settlement offer: Avon was tendering the full amount owed under the contract, plus interest, for a total payment of $191,626.03. The letter added that if Varney accepted the tender as satisfaction of the full amount owed under the contract, Avon would agree that *Varney* was the prevailing party on the contract cause of action.[2] Avon's letter made no mention

<hr />

[2] In other words, Avon was offering to contract around section 1717, subdivision (b)(2), which states: "Where the defendant alleges in his or her answer that he or she tendered to the plaintiff the full amount to which he or she was entitled, and thereupon deposits in court for the plaintiff, the amount so tendered, and the allegation is found to be true, then the *defendant* is deemed to be a party prevailing on the contract within the meaning of this section." (Italics added.) Avon's letter cited and quoted this subdivision. Although Avon's letter stated "this is not a settlement offer," the letter did more than merely tender the amount due under the contract; it offered to have *Varney* be

10

of Avon's pending section 998 offer, but it made clear the new settlement offer "applies only to the contract claim," not to the section 3344 claim.

Varney accepted Avon's second offer; Avon wired $191,626.03 to Varney. Later that month, the parties entered into a stipulation for entry of judgment in favor of Varney on the breach of contract cause of action in the amount of $191,626.03: "Varney shall be considered the prevailing party" on the contract cause of action "and may seek statutory costs, including appropriate attorney's fees, in the amount determined by the court, according to proof." It also said, "Varney shall proceed on the second cause of action and Avon preserves all defenses on the second cause of action."

After Varney dismissed its section 3344 cause of action without prejudice on the trial date, Avon moved for attorney fees and costs under section 998's cost shifting provision, asserting Varney had recovered only $191,626.03, which was less than the $250,000 Avon had offered in its section 998 offer. The trial court denied Avon's motion, reasoning that "[b]ecause Avon Plastics is not a prevailing party, the 'more favorable judgment' analysis of CCP §998 does not apply."

Avon contends it is entitled to costs and fees under section 998 because Varney never accepted its section 998 settlement offer, Avon never expressly revoked that offer to settle, and Varney failed to obtain a more favorable award. According to Avon, when Varney entered into the stipulation for judgment while a more favorable section 998 offer was pending, Varney was "gambling" that its remaining cause of action under section 3344 would be worth more than the roughly $59,000 differential between the amount offered in the section 998 offer and the amount offered in the stipulation for judgment.

declared the prevailing party on the contract claim—something that Avon was not required to concede under section 1717, subdivision (b)(2).

11

Varney counters that the section 998 offer was revoked or extinguished by operation of law because Avon's second settlement offer was materially inconsistent with its section 998 offer. According to Varney, the second offer could not be reconciled with the section 998 offer because the second offer concerned only the contract claim, provided Varney could recover all fees and costs on that claim, and made Varney the prevailing party on that claim, while the section 998 offer concerned both claims, limited Varney's recovery of fees and costs to those incurred through April 10, 2019, and did not make Varney the prevailing party.

We must therefore decide whether Avon's second offer extinguished its pending section 998 offer. "Because this issue involves the application of law to undisputed facts, we review the matter de novo." (*Martinez v. Brownco Construction Co.* (2013) 56 Cal.4th 1014, 1018 (*Martinez*).) Reviewing the matter de novo, we conclude the second offer extinguished the section 998 offer.

Section 998 is silent about the revocability of statutory offers to compromise, but our Supreme Court has held that section 998 offers are fully revocable prior to acceptance. (*T. M. Cobb Co. v. Superior Court* (1984) 36 Cal.3d 273, 277-278.) Thus, a section 998 offer "remains open until it is unequivocally rejected, formally revoked, or lapses due to the passage of time." (*Berg v. Darden* (2004) 120 Cal.App.4th 721, 731; see § 998, subd. (b)(2) [offer deemed withdrawn if not accepted before trial or within 30 days after it is made]; see also Civ. Code, § 1587 [listing ways in which offer may be revoked].) A revoked section 998 offer no longer functions as a statutory "offer" to settle and does not trigger section 998's cost shifting provisions. (*One Star, Inc. v. STAAR Surgical Co.* (2009) 179 Cal.App.4th 1082, 1091 (*One Star*); *Marcey v. Romero* (2007) 148 Cal.App.4th 1211, 1215.)

In the event of successive section 998 offers, courts have held that a later offer can extinguish an earlier offer in certain circumstances, even absent a formal revocation. For example, if the offeror makes successive section 998 offers, which are

12

neither revoked nor accepted, and if the offeree obtains an award less favorable than the first offer but more favorable than the later offer, the later offer extinguishes the first offer, and the later offer controls when applying section 998's cost shifting provisions. (*Wilson v. Wal-Mart Stores, Inc*. (1999) 72 Cal.App.4th 382, 390; *Distefano v. Hall* (1968) 263 Cal.App.2d 380, 385; see *Palmer v. Schindler Elevator Corp*. (2003) 108 Cal.App.4th 154, 158 (*Palmer*) ["A later offer under section 998 extinguishes any earlier offers, regardless of the validity of the offers"]; cf. *Martinez, supra,* 56 Cal.4th at p. 1026 [if a plaintiff serves two statutory offers, and the defendant fails to obtain a judgment more favorable than either offer, the trial court may order payment of expert costs incurred from the date of the first offer]; see also *Hersey v. Vopava* (2019) 38 Cal.App.5th 792, 800 [collecting cases].)

This case, however, presents a somewhat different issue:  does a later offer to enter into a stipulated judgment on only one cause of action extinguish an earlier pending section 998 offer covering all causes of action?  No case has considered that question, and the language of section 998 provides no guidance.

"When the language of section 998 does not provide a definitive answer for a particular application of its terms, courts may consult and apply general contract law principles.  Because the process of settlement and compromise is a contractual one, such principles may, in appropriate circumstances, govern the offer and acceptance process under section 998.  [Citation.]  A general contract law principle may be found controlling if the policy of encouraging settlements is 'best promoted' thereby."  (*Martinez, supra,* 56 Cal.4th at p. 1020.)  Conversely, "a contract law principle will not be found to govern if its application would conflict with section 998 or defeat its purpose."  (*Ibid.*)

Additionally, "a court should assess whether the particular application injects uncertainty into the section 998 process.  If a proposed rule would encourage gamesmanship or spawn disputes over the operation of section 998, rejection of the rule is appropriate."  (*Martinez, supra,* 56 Cal.4th at p. 1021; see, e.g., *One Star, supra,*

13

179 Cal.App.4th at pp. 1094-1095 [legislative purpose better served and gamesmanship avoided by bright line rule that if party withdraws second section 998 offer prior to its statutory expiration, then withdrawing party's right to cost shifting is determined by previously rejected statutory offer].)

Applying those principles to this record, we conclude Avon's offer to enter into a stipulated judgment on the breach of contract cause of action extinguished Avon's pending section 998 offer covering all causes of action. Traditional contract principles support our conclusion. "An offeree's power of acceptance is terminated when the offeror takes definite action inconsistent with an intention to enter into the proposed contract and the offeree acquires reliable information to that effect." (Rest.2d Contracts, § 43 (§ 43); see 1 Witkin, Summary of Cal. Law (11th ed. 2020) Contracts, § 161 [citing § 43]; see also *Palmer, supra,* 108 Cal.App.4th at pp. 158-159 [invoking § 43 in concluding a later section 998 offer, although statutorily defective, extinguished an earlier unrevoked offer].)

Applying that principle here, Avon's act of making the second offer was inconsistent with an intent to act on the earlier section 998 offer. To start, the two offers had materially inconsistent terms: the section 998 offer was to resolve both claims, left open the designation of prevailing party, and limited the attorney fee award to fees incurred on or before April 10, 2019. The offer for stipulated judgment, on the other hand, resolved only the contract claim, declared Varney the prevailing party on that claim, and permitted it to seek fees and costs incurred on that claim through the entire case.[3] Moreover, Avon's statement in the second offer that Varney could seek prevailing party fees and costs on the contract cause of action was irreconcilably inconsistent with

_____

[3] Avon concedes "[t]he fees and costs component of each alternative . . . somewhat complicates the comparison" of the two offers because "[t]hey have different topical filters and different windows of time."

14

Avon's intent to enforce section 998's cost shifting provision against Varney. That second offer therefore extinguished the section 998 offer and terminated Varney's power to accept it.

This conclusion best serves the statutory goal of encouraging the early resolution of cases. Section 998 "was enacted to encourage the settlement of lawsuits prior to trial." (*Martinez, supra*, 56 Cal.4th at p. 1017.) Indeed, "[t]he 'very essence' of section 998 is its encouragement of settlement." (*One Star, supra,* 179 Cal.App.4th at p. 1089.) Allowing Varney to enter into the stipulated judgment on the breach of contract claim, without fear of section 998 cost shifting, is consistent with that policy.

Finally, and critically in our view, our conclusion deters gamesmanship. The timing of Avon's section 998 offer and its second settlement offer is telling. Varney's section 3344 claim had been pending for less than two weeks when Avon made its second offer. It would be unreasonable to expect Varney to calculate whether the section 3344 claim was worth more than the $58,374 differential between the $250,000 offered in the section 998 offer and the $191,626.03 offered in the stipulation for judgment—all without the benefit of any discovery on that claim. Yet that is evidently what Avon expected Varney to do when it served the second offer, putting Varney between a rock and a hard place. Applying section 998 cost shifting in these circumstances would encourage "gotcha" litigation tactics and would likely spawn regular disputes over the operation of section 998 like the one that has arisen here.

In sum, because Avon's offer to enter into a stipulated judgment on the breach of contract cause of action extinguished Avon's pending section 998 offer, the trial court properly denied Avon's motion for fees and costs under section 998.

## DISPOSITION

The judgment is affirmed.  Varney shall recover its costs on appeal.  (Cal. Rules of Court, rule 8.278(a).)


GOETHALS, J.

WE CONCUR:


ARONSON, ACTING P. J.


FYBEL, J.