**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 3 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTOPHER CARDINAL; KITCHEN EXPERTS OF CALIFORNIA, INC., | No. 20-16364 |
| Plaintiffs-Appellants, | D.C. No. 3:18-cv-00272-JCS |
| v. | MEMORANDUM[*] |
| JOHN LUPO; KITCHEN FANTASTIC, INC., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Joseph C. Spero, Magistrate Judge, Presiding

Submitted August 31, 2021[**]
San Francisco, California

Before: RAWLINSON and BYBEE, Circuit Judges, and CARDONE,[***] District Judge.

Plaintiff-Appellant Christopher Cardinal appeals the trial court's denial of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

his motion to recover the attorney's fees and costs that he incurred in litigating a tort claim against Defendant-Appellee John Lupo. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1.      Cardinal contends that the trial court erroneously denied his request for attorney's fees, misapplying California law in finding that there was no prevailing party on his tort claim. Both parties agree that California law provides the rules of decision for this issue because it governs their contractual attorney's fees provision. The "determination of the legal basis for an attorney fee award is a question of law to be reviewed de novo," but decisions regarding the propriety and amount of fees are reviewed for abuse of discretion. *San Francisco CDC LLC v. Webcor Constr. L.P.*, 62 Cal. App. 5th 266, 285 (2021) (citations omitted).

Under California contract law, the right to recover attorney's fees for tort claims turns on "whether the party seeking fees has 'prevailed' within the meaning of the [applicable contractual] provision." *Gil v. Mansano*, 121 Cal. App. 4th 739, 743 (2004). And the trial court correctly ruled that, because Cardinal's contract with Lupo did not define a "prevailing party" for attorney's fees purposes, it had to apply the "ordinary" meaning of that term—a litigant that substantially achieves its objectives—and that it is possible for no party to prevail on a claim. *See Santisas v. Goodin*, 17 Cal. 4th 599, 619, 622 (1998); *Hsu v. Abbara*, 9 Cal. 4th 863, 872–73, 875–76 (1995) (in bank) (stating that equitable considerations inform the

2

prevailing party inquiry under California law).

The trial court also properly exercised its discretion in denying Cardinal his attorney's fees. We identify prevailing parties by "compar[ing] the relief awarded . . . with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources." *Hsu*, 9 Cal. 4th at 876. Although the jury awarded Cardinal $250,000 on his tort claim, that is less than one-sixth of the $1,580,297.53 that Cardinal claimed he is entitled to in his motion for a new trial on damages. This $250,000 award was also only one-seventh of Cardinal's $1,750,000 settlement demand, a shortfall of $1.5 million. It was thus reasonable for the trial court to find that Cardinal is not a prevailing party since he failed to substantially achieve his litigation objectives. *See, e.g., Olive v. Gen. Nut. Ctrs., Inc.*, 30 Cal. App. 5th 804, 828 (2018) ("[A] multimillion dollar award somewhat more than 40 percent of the amount sought was sufficiently 'mixed' that the trial court could reasonably conclude neither party had prevailed.").

Cardinal claims that the trial court applied the California Civil Code § 1717 framework when it ruled on his request for attorney's fees and characterizes this as reversible error. This argument is unavailing since the trial court did not apply § 1717 in this case at all. And we decline to credit Cardinal's position that, because he obtained a "net monetary recovery" on his tort claim, he is the

3

prevailing party under California Code of Civil Procedure § 1032 and thus entitled to recover his attorney's fees. The relevance of § 1032 is unclear here because several California courts have ruled that it does not define the "prevailing parties" for attorney's fees purposes where a contract fails to do so. *See Khavarian Enters. v. Commline, Inc*., 216 Cal. App. 4th 310, 322 (2013); *Heather Farms Homeowners Ass'n v. Robinson*, 21 Cal. App. 4th 1568, 1572 (1994). This makes sense—*Santisas* could easily have made § 1032's definition of "prevailing parties" the default meaning of that term but declined to do so, opting instead for a "pragmatic definition." *See* 17 Cal. 4th at 603–04, 606, 617–18, 621–23; *see also Mountain Air Enters., LLC v. Sundowner Towers, LLC*, 3 Cal. 5th 744, 760 (2017) (refusing "to take an overly formalistic approach to deciding whether a prevailing party is entitled to contractual attorney fees"). And *Maynard v. BTI Grp., Inc.*, 216 Cal. App. 4th 984 (2013), offers insufficient support for Cardinal's § 1032 argument because the holding in that case is partially based on *Santisas*'s rule that prevailing parties substantially achieve their litigation goals. *See Maynard*, 216 Cal. App. 4th at 992, 994. That is not the situation here.

2.     Cardinal claims the magistrate judge improperly denied his motion for costs. We review such decisions for abuse of discretion. *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1202 (9th Cir. 2016).

The trial court "must specify reasons for its refusal to award costs," *Ass'n of*

4

*Mexican Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc) (quotation marks and citation omitted), such as: (1) the public importance of the case; (2) the closeness and difficulty of the issues; (3) any chilling effects on similar litigation; (4) the losing party's financial means; and (5) any economic disparity between the parties, *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016) (citations omitted). Here, the trial court based its denial of Cardinal's motion for costs on the second of these five factors and Cardinal's "marginal success" in the litigation.

Cardinal raises two challenges to this decision, the first of which is that this case was not close, as shown by his "substantial" $250,000 damages award. But, as the trial court pointed out, this sum of money can reasonably be characterized as "minimal" because it is less than one-sixth of the $1,580,297.53 that Cardinal sought from Lupo. *See Olive*, 30 Cal. App. 5th at 828. Cardinal also points to the magistrate judge's comment that "[y]ou can tell by the evidence exactly the way the case is going to go" as proof the case was not close. That is not so—the magistrate judge made this remark in encouraging the parties to settle, and the record does not indicate that the judge thought either party was in a stronger position on the merits. The magistrate court thus did not abuse his discretion in denying costs here. *See Draper*, 836 F.3d at 1087.

**AFFIRMED.**