Filed 12/23/15  Wasserman v. Ketelhut CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| MORREY WASSERMAN, ET AL,,<br><br>    Plaintiffs and Appellants,<br><br>v.<br><br>JEFFREY KETELHUT, ET AL.,,<br><br>    Defendants and Respondents. | 2d Civil No. B258642<br>(Super. Ct. No. 56-2011-00403140 CU-OR-VTA)<br>(Ventura County)<br>MODIFICTION OF OPINION ON DENIAL OF REHEARING<br>(No Change in Judgment) |

THE COURT:

It is ordered that the opinion filed herein on December 1, 2015, be modified as follows:

Delete the last paragraph on page 6 beginning with the words " 'whereas forfeiture ' " and ending on page 7 with the words "remaining plaintiff." The following three paragraphs and footnote 2 are inserted in its place.

" '[W]aiver is the "intentional relinquishment or abandonment of a known right."  [Citations.]'  [Citation.]"  (*People v. Simon* (2001) 25 Cal.4th 1082, 1097, fn. 9.)  By requesting an immediate ruling on their attorney fees motion, respondents did not *intentionally* relinquish or abandon their right to seek a deferred ruling if it were determined, as we have determined here, that their request was premature.  Accordingly, there was no waiver.

Nor was there a forfeiture.  " '[F]orfeiture is the failure to make the timely assertion of a right.' "  (*People v. Simon*, *supra*, 25 Cal.4th at p. 1097, fn. 9.)  A forfeiture could have

occurred only if, when respondents filed their motion for attorney fees, they were required to request a deferred ruling at that time. Appellants have cited no authority supporting such a requirement. As respondents allege in their brief, they were not "under any obligation to concede that a ruling should be deferred until after the case had been adjudicated against every remaining plaintiff."

Moreover, a forfeiture would be inequitable to the remaining plaintiffs. If respondents were to prevail in the case, the remaining plaintiffs would have to bear the [1]entire burden of paying respondents' attorney fees and costs even though appellants were partly responsible for incurring them. A deferred ruling, on the other hand, would assure that appellants would be held responsible for paying their share.[2]

There is no change in the judgment.

NOT FOR PUBLICATION

---

[2] In their petition for rehearing, appellants allege, "It now appears likely that respondents will file an attorneys' fees motion upon completion of the case because the trial court issued a 'statement of intended decision' in respondents' favor on December 11, 2015."

2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| MORREY WASSERMAN, et al.,<br><br>　Plaintiffs and Appellants,<br><br>v.<br><br>JEFFREY KETELHUT, et al.,<br><br>　Defendants and Respondents. | 2d Civil No. B258642<br>(Super. Ct. No. 56-2011-00403140-CU-OR-VTA)<br>(Ventura County) |

　　　　Morrey Wasserman and Eileen Gabler appeal from an order requiring them to pay attorney fees incurred by respondents Jeffrey Ketelhut and Marcella Ketelhut.  Appellants and other plaintiffs sued respondents to enforce the governing documents of a common interest development.  The attorney fees order was entered after appellants' voluntary dismissal of their lawsuit.  The order was pursuant to Civil Code section 5975, subdivision (c),[1] which provides, "In an action to enforce the governing documents [of a common interest development], the prevailing party shall be awarded reasonable attorney's fees and costs."  The trial court determined that, as to appellants, respondents were the prevailing party.

　　　　After appellants' voluntary dismissal, other plaintiffs in the same action continued to seek the same relief that appellants had been seeking.  Appellants argue that the voluntary

---

[1] All statutory references are to the Civil Code.

dismissal did not result in the achievement of respondents' litigation objectives because they still had to defend against the other plaintiffs' identical claims. Therefore, appellants contend, respondents are not the prevailing party within the meaning of section 5975, subdivision (c). We agree and reverse.

*Common Interest Development*

A "common interest development" includes "a real property development" that has a "[c]ommon area that is owned either by an association or in common by the owners of [the lots in the development] who possess appurtenant rights to the beneficial use and enjoyment of the common area." (§§ 4100, subd. (c), 4175, subd. (a), 4185, subd. (a)(3).) "Governing documents" means "documents, such as bylaws, operating rules, articles of incorporation, or articles of association, which govern the operation of the common interest development . . . ." (§ 4150.)

*Factual and Procedural Background*

In August 2011 Felipa Richland Eith and Stacy Wasserman, the wife of appellant Morrey Wasserman, filed a complaint against respondents. A first amended complaint was filed in April 2012. It named 13 plaintiffs, including appellants, and alleged nine causes of action.

The first amended complaint alleged as follows: The parties are owners of lots in a 28-lot development that "is governed by the Davis Stirling Common Interest Development Act." (§ 4000 et seq.) The governing documents of the development provide that each lot shall be used only " 'for the residence of one family and its domestic servants.' " In violation of the governing documents, respondents are maintaining a commercial vineyard - Los Robles Hills Winery - on their lot and are selling wine to the public. Their operations have expanded into the development's common area.

The first amended complaint sought an injunction prohibiting respondents from operating a commercial vineyard and from encroaching upon the common area. It also sought general and exemplary damages.

In March 2014 appellants voluntarily dismissed their causes of action without prejudice. Respondents moved for an award of attorney fees on the ground that, as to

2

appellants, they were the prevailing party within the meaning of former section 1354, subdivision (c), now section 5975, subdivision (c).

Respondents sought an award of $190,208.27. Their present counsel declared that, up to the date of appellants' voluntary dismissal, he had billed $114,278.22 in attorney fees. Respondent Jeffrey Ketelhut declared that his former counsel had billed $75,930.05 ($114,278.22 + $75,930.05 = $190,208.27).

In their opposition to the motion for attorney fees, appellants noted that seven plaintiffs (including appellants) had "dismissed their claims against [respondents]." But "the claims against [respondents] continue to be prosecuted by six plaintiffs." Therefore, appellants argued, respondents "plainly have not achieved their litigation aims. The action against them is still being prosecuted by the remaining plaintiffs who may (and it is contended will) win." Appellants continued: "Moreover, [appellants] did not dismiss their claims because they have conceded the merits of [respondents'] case. . . . Both are in the process of selling their homes and, once their homes have sold, neither of them will have standing to continue prosecuting this action . . . . Further, former counsel never obtained their consent to file a lawsuit against [respondents] and neither understood the true nature of the First Amended Complaint that was being prosecuted." Appellants requested that the trial court either deny the motion for attorney fees or continue it "until after a determination of the claims of the remaining plaintiffs." Appellants did not submit declarations in support of their opposition to the motion for attorney fees.

In concluding that respondents were the prevailing party, the trial court found "not persuasive" appellants' contention that they had dismissed their causes of action because they were selling their homes. It noted that this contention was "unsupported by a declaration." The court rejected appellants' assertion that they had not consented to the lawsuit against respondents: Appellants "knew they were plaintiffs . . . . In any case, there is no evidence from them as a part of the opposition to this motion that establishes" that they did not understand "what was being sought on their behalf."

The trial court ordered appellants to pay attorney fees of $156,614.47. This amount "excludes all fees incurred before [appellants] became plaintiffs" upon the filing of the first

3

amended complaint. The court stated, "If [respondents] end up being prevailing parties as to other plaintiffs, the issue of what they may be entitled to recover will be addressed at the time those events occur."

*Meaning of "Prevailing Party"*

"In determining who is the 'prevailing party' within the meaning of section 1354 [now section 5975], the trial court should analyze 'which party . . . prevailed on a practical level.' " (*Salehi v. Surfside III Condominium Owners' Assn.* (2011) 200 Cal.App.4th 1146, 1153 (*Salehi*), quoting from *Heather Farms Homeowners Assn. v. Robinson* (1994) 21 Cal.App.4th 1568, 1574.) Whether a party has prevailed on a practical level depends upon whether it has realized its " 'litigation objectives.' " (*Salehi, supra*, 200 Cal.App.4th at p. 1150; see also *Santisas v. Goodin* (1998) 17 Cal.4th 599, 622 [where a "contract allows the prevailing party to recover attorney fees but does not define 'prevailing party' . . . , a court may base its attorney fees decision on a pragmatic definition of the extent to which each party has realized its litigation objectives, whether by judgment, settlement, or otherwise"].) " 'In assessing litigation success, *Hsu v. Abbara* (1995) 9 Cal.4th 863, 877 . . . , . . . instructs: "[C]ourts should respect substance rather than form, and to this extent should be guided by 'equitable considerations.' " ' [Citation.]" (*Salehi, supra*, 200 Cal.App.4th at p. 1156, quoting from *Castro v. Superior Court* (2004) 116 Cal.App.4th 1010, 1019.)

*Standard of Review*

A trial court's determination of who is a prevailing party under section 5975, subdivision (c) "should be affirmed on appeal absent an abuse of discretion." (*Heather Farms Homeowners Assn. v. Robinson, supra*, 21 Cal.App.4th at p. 1574; accord, *Salehi, supra*, 200 Cal.App.4th at p. 1154.) " ' "[D]iscretion is abused whenever . . . the court exceeds the bounds of reason, all of the circumstances before it being considered." [Citation.]' [Citation.]" (*Ibid.*)

We reject appellants' contention that the standard of review is de novo or independent review. As discussed in the preceding section of this opinion, the legal question of statutory construction has been decided in previous cases.

4

*The Trial Court Abused Its Discretion*

In its ruling the trial court observed, "Prevailing party status is determined by an analysis of whether or not the party claiming to be a prevailing party has achieved its objects [sic objectives] in the litigation." The trial court exceeded the bounds of reason in concluding that respondents had achieved their litigation objective. Respondents' goal was to defeat the instant action to enjoin them from operating a commercial vineyard and from encroaching upon the development's common area. Despite appellants' voluntary dismissal of their causes of action, six remaining plaintiffs continued to litigate the identical causes of action. If they succeeded, respondents would lose everything that they had fought for in the litigation.

Moreover, the trial court's ruling was inequitable. Although at least six other plaintiffs had been involved in the litigation from the filing of the first amended complaint in April 2012 until appellants' voluntary dismissal in March 2014, the trial court imposed on appellants the entire burden of paying respondents' attorney fees for this period.

At the hearing on the motion for attorney fees, the trial court pondered the inequity of placing the entire burden on appellants: "My bigger problem is the action isn't concluded. And do I work . . . an [in]equity if I award fees against two people who have dismissed the case and that potentially gives a free ride to those who are remaining in it who may also either dismiss or have the case decided against them. So how do I balance those factors?"

Respondents' counsel replied: "If the Court grants the motion, then . . . the two people [appellants] who pay. . . would certainly, under the equities, be entitled to a recovery from the joint plaintiffs in this case. . . . [¶] . . . [T]he burden should not be borne [by] my client, who's done everything right." Counsel was assuming that respondents would eventually prevail against the remaining plaintiffs, so that they and appellants would be jointly liable for respondents' attorney fees. " 'When several parties . . . are jointly liable, and one has paid more than his share, he may enforce contribution from the others.' [Citation.]" (*Graphic Arts Mutual Ins. Co. v. Time Travel International, Inc.* (2005) 126 Cal.App.4th 405, 415.) But there was no basis for counsel's assumption that his client would eventually prevail. The court should have considered the inequity of requiring appellants to pay

5

respondents' attorney fees when the litigation might be resolved in favor of the remaining plaintiffs. If this were to occur, appellants would not be able to enforce contribution from them. Even if respondents were to prevail against the remaining plaintiffs, it would be inequitable to require appellants to pay respondents' entire attorney fees up front and to await the final resolution of the case before enforcing contribution from the other plaintiffs.

In *Salehi* this court observed: "At no time has Salehi claimed that the trial court should have awaited outcome of the two remaining causes of action before deciding who was the prevailing party '[i]n [the] action.' (§ 1354, subd. (c) [now § 5975, subd. (c)].) We only point out that prudence may dictate that the trial court postpone ruling on an attorney fees request until all causes of action have been resolved." (*Salehi*, *supra*, 200 Cal.App.4th at p. 1156.) Unlike Salehi, appellants requested that the trial court postpone ruling on respondents' motion for attorney fees until the resolution of the remaining plaintiffs' causes of action. The court abused its discretion in not granting the request.

*Respondents Did Not Waive or Forfeit Their Rights*

Appellants argue that, because respondents "fail[ed] to seek a deferred ruling on their attorneys' fees motion and oppos[ed] [appellants'] effort to defer a ruling," they waived or "forfeited the right to seek a ruling after the enforcement action is resolved." (Italics omitted.) Thus, "this court should reverse the trial court's ruling and compel it to enter an order denying the fees motion with prejudice." (Bold and capitalization omitted.)

" 'Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the "intentional relinquishment or abandonment of a known right." [Citations.]' [Citation.]" (*People v. Simon* (2001) 25 Cal.4th 1082, 1097, fn. 9.) The doctrines of waiver and forfeiture are inapplicable here. Respondents moved for an award of attorney fees on the ground that, as a result of appellants' voluntary dismissal, respondents were the prevailing party. Appellants, not respondents, had the right to seek to defer a ruling on the motion until after the resolution of the litigation involving the remaining plaintiffs. If appellants had failed to invoke this right below, they arguably would have waived or forfeited it. The right was not respondents' to waive or forfeit. As respondents allege in their brief, they were not

6

"under any obligation to concede that a ruling should be deferred until after the case had been adjudicated against every remaining plaintiff."

*Disposition*

The order requiring appellants to pay respondents' attorney fees is reversed. The matter is remanded with directions to defer ruling on respondents' motion for attorney fees until after the litigation among the various parties has been resolved. Appellants shall recover their costs on appeal.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

7

Henry J. Walsh, Judge

Superior Court County of Ventura

_____


Thomas R. Freeman; Bird, Marella, Boxer, Wolpert, Nessim, Brooks, incenberg & Rhow, for Appellants.


Christopher E. Farenza, JeffreyJ. Gordon, Nicholas von der Lancken; Yoka & Smith, for Respondents.