Filed 12/22/17; pub. order 1/16/18 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| WILLIAM BUSTOS, | |
| Plaintiff and Appellant, | E065869 |
| v. | (Super.Ct.No. MCC1400627) |
| GLOBAL P.E.T., INC., et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.

Affirmed.

Gleason & Favarote and Paul M. Gleason; Becerra Law Firm and Joseph R.

Becerra for Plaintiff and Appellant.

Ford & Harrison, Lyne A. Richardson, Julianne Pinter and Alexandria M. Witte

for Defendants and Respondents.

## I.  INTRODUCTION

Plaintiff and appellant William Bustos brought this disability discrimination action

against his former employers, defendants and respondents Global P.E.T., Inc. and Global

1

Plastics, Inc. (collectively, Global).  A jury found that Bustos's physical condition or perceived physical condition was "a substantial motivating reason" for his termination, but nevertheless returned defense verdicts on each of his claims.  After trial, Bustos sought an award of attorney fees under the Fair Employment and Housing Act, Government Code[1] sections 12900 et seq., 12965 (FEHA), citing the holding of *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203 (*Harris*)  that "a plaintiff subject to an adverse employment decision in which discrimination was a substantial motivating factor may be eligible for reasonable attorney's fees and costs expended for the purpose of redressing, preventing, or deterring that discrimination," even if the discrimination did not "result in compensable injury" for that particular plaintiff.  (*Id.* at p. 235.)

In this appeal, Bustos challenges the trial court's ruling denying his motion for attorney fees.  We affirm.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Bustos was employed by Global—first as a "Sheet Line Operator," later as a "Shift Supervisor"—from 2010 until his termination in October 2013.  In April 2014, Bustos filed suit, asserting seven causes of action:  (1) discrimination on the basis of disability; (2) failure to make reasonable accommodation for a known disability; (3) failure to engage in the interactive process; (4) violation of the California Family Rights Act; (5) retaliation in violation of the California Family Rights Act; (6) failure to

---

[1] Further undesignated statutory references are to the Government Code.

prevent discrimination and retaliation; and (7) wrongful termination in violation of public policy.

Bustos alleged, and later argued at trial, that on the date of his termination, he was suffering from carpal tunnel syndrome in his left hand, and was scheduled for surgery on the next business day. His termination, he contended, was a result of discriminatory animus. Global argued that Bustos was terminated for legitimate, nondiscriminatory reasons, specifically, as part of economic layoffs that also resulted in the termination of a number of other employees, and because he had failed one or more drug tests.

The jury returned verdicts in favor of the defense on each of Bustos's claims, awarding him no damages. As relevant to the present appeal, on the special verdict form for Bustos's disability discrimination/wrongful termination claim, the jury selected "Yes" in response to the question "Was [Bustos's] physical condition or perceived physical condition a substantial motivating reason for [Global's] decision to discharge [Bustos]?" The jury found, however, that Global's "conduct" was not "a substantial factor in causing harm to [Bustos]."

After trial, plaintiff requested an award of attorney fees in the amount of $454,857.90 pursuant to section 12965, subdivision (b), and the Supreme Court's holding in *Harris, supra*, 56 Cal.4th at p. 235. At the outset of the hearing on the motion, the trial court tentatively indicated that it was inclined to deny the motion, commenting as follows: "I'm mindful of [*Harris*]. But it's—there's still a lot of balancing that has to occur. I understand the jury did return—on their verdict, they answered one of the questions in the affirmative with respect to . . . was [Bustos's] disability a motivating

3

factor in his termination. However, the second part of that question was, was he harmed? Was it a substantial factor in causing him harm? They said no. [¶] So ultimately, at the end of the day, what we get to, even after *Harris*, is a discretionary call. And it is just too difficult for me to—under these circumstances, when [Bustos] lost virtually everything in terms of the trial on the contested issues, he did not—this did not result in, for example, an injunction against [Global]. It didn't result in any declaratory relief against [Global]. He prevailed on nothing in terms of getting—well, he got nothing from the ultimate verdict. [¶] And so for those reasons, it would be difficult for me . . . to award attorneys' fees notwithstanding the fact that the ultimate judgment is in favor of [Global]." After hearing argument from Bustos's counsel, the trial court adopted the tentative as its ruling, denying the motion.

III.  DISCUSSION

**A. Standard of Review.**

By statute, the "prevailing party" in a FEHA action may be awarded reasonable attorney fees. (§ 12965, subd. (b); *Chavez v. City of Los Angeles* (2010) 47 Cal.4th 970, 984 (*Chavez*).) Because FEHA does not define the term "prevailing party," prevailing party status is determined in this context "based on an evaluation of whether a party prevailed '"on a practical level,"' and the trial court's decision should be affirmed on appeal absent an abuse of discretion." (*Donner Management Co. v. Schaffer* (2006) 142 Cal.App.4th 1296, 1310 (*Donner Management*).) In applying this standard, the trial court must identify the prevailing party "by analyzing the extent to which each party has

4

realized its litigation objectives." (*Castro v. Superior Court* (2004) 116 Cal.App.4th 1010, 1023 (*Castro*).)

We review the trial court's denial of attorney fees for abuse of discretion. (*Chavez*, *supra*, 47 Cal.4th at p. 989.) "Although precise definition is difficult, it is generally accepted that the appropriate test of abuse of discretion is whether or not the trial court exceeded the bounds of reason, all of the circumstances before it being considered. [Citations.] . . . [W]hen two or more inferences can reasonably be deduced from the facts, a reviewing court lacks power to substitute its deductions for those of the trial court." (*In re Marriage of Connolly* (1979) 23 Cal.3d 590, 597-598.) Nevertheless, we review the question of whether the trial court applied the proper legal standards de novo; a reasoned decision based on a reasonable, but mistaken, view of the scope of discretion would still be an abuse of judicial discretion, even though it would not exceed the bounds of reason in the ordinary meaning of the phrase. (*Horsford v. Board of Trustees of California State University* (2005) 132 Cal.App.4th 359, 393-394.)

Additionally, in the FEHA context, the trial court's discretion is guided by the principle that "a *prevailing plaintiff* should ordinarily recover attorney fees unless special circumstances would render the award unjust, whereas a *prevailing defendant* may recover attorney fees only when the plaintiff's action was frivolous, unreasonable, without foundation, or brought in bad faith." (*Chavez, supra*, 47 Cal.4th at p. 985.)

**B. Analysis.**

The gravamen of Bustos's claims of error on appeal is that *Harris*, *supra*, 56 Cal.4th at p. 235, together with the jury's finding that his physical condition or perceived

5

physical condition was a substantial motivating reason for his termination, requires the trial court to award him attorney fees. We disagree, and find no abuse of the trial court's discretion.

In *Harris*, the Supreme Court considered, among other things, the remedies potentially available to a plaintiff who "has shown that discrimination was a substantial factor motivating a termination decision," but whose employer "has shown that it would have made the same decision in any event." (*Harris, supra*, 56 Cal.4th at p. 232.) Its holding is phrased broadly enough to encompass not only the same-decision context, but other situations where a plaintiff proves employment discrimination, but for one reason or another that discrimination "does not result in compensable injury" to that "particular plaintiff." (*Id.* at p. 235.) Specifically, with respect to attorney fees, the Supreme Court held that "a plaintiff subject to an adverse employment decision in which discrimination was a substantial motivating factor may be eligible for reasonable attorney's fees and costs expended for the purpose of redressing, preventing, or deterring that discrimination." (*Ibid.*)

Nevertheless, it is important to emphasize that *Harris* does not require the trial court to award attorney fees to any plaintiff who proves discrimination was a substantial motivating factor of an adverse employment decision; rather, such a plaintiff "may be eligible" to recover attorney fees. (*Harris, supra*, 56 Cal.4th at p. 235.) Implicitly, therefore, such a plaintiff may *not* be eligible to recover attorney fees under FEHA, because he or she is not a "prevailing party" as the term is defined in section 12965. (See *Donner Management, supra,* 142 Cal.App.4th at p. 1310; *Castro, supra*, 116 Cal.App.4th

6

at p. 1023.)  Or, alternatively, in unusual circumstances, the trial court might exercise its discretion not to make an award of attorney fees, even to a plaintiff who is deemed to have prevailed.  (See *Chavez, supra*, 47 Cal.4th at p. 985.)  As the Supreme Court reiterated in *Harris*:  "An award of attorney's fees is discretionary under section 12965, subdivision (b).  An award may take into account the scale of the plaintiff's success, and it must not encourage 'unnecessary litigation of claims that serve no public purpose either because they have no broad public impact or because they are factually or legally weak.'  [Citation.]  Like Congress in enacting Title VII, our Legislature did not '"enact[] legislation whose benefit inures primarily to lawyers in the form of a substantial fee recovery, even if relief to the plaintiff is otherwise trivial and the lawsuit promotes few public goals."'"  (*Harris, supra*, 56 Cal.4th at p. 235.)

In the present case, we find no error in the trial court's determination that Bustos should not be awarded attorney fees.  It is not beyond reason to conclude that a plaintiff who obtains no relief at trial—either monetary or equitable—has not "realized [his] litigation objectives," regardless of whether one or more preliminary questions on a special verdict form were answered in his favor.  (*Castro, supra*, 116 Cal.App.4th at p. 1023.)  Similarly, defendants who obtain judgment in their favor on all claims are reasonably viewed to have "realized [their] litigation objectives," regardless of how the judgment was reached.  (*Ibid*.)  As such, the trial court did not exceed the scope of its discretion by ruling that Bustos should not be awarded attorney fees as a prevailing party pursuant to section 12965 under these circumstances.

Bustos takes issue with the trial court's characterization of the results of the trial, that he "'lost virtually everything in terms of the trial on the contested issues.'" In Bustos's view, the "seminal issue decided by the jury was whether [he] was terminated as part of a legitimate economic layoff" or whether it "was substantially motivated by his disability." Since that issue was decided in his favor, he contends that the trial court's comment demonstrates an abuse of discretion. Taken in context, however, the trial court's comments do not demonstrate any misunderstanding of the record. The trial court explicitly remarked on the jury's selections on the special verdict form, as well as its bottom line verdicts in favor of the defense. And as discussed above, it was reasonable for the trial court to give priority to the result embodied by the judgment, rather than the jury's special verdict findings, in determining who prevailed in this matter "'on a practical level.'" (See *Donner Management, supra*, 142 Cal.App.4th at p. 1310.)

Bustos also asserts that the trial court denied his motion for attorney fees because it "ignored the holding" in *Harris*. The record does not support this contention. The trial court explicitly acknowledged *Harris* in its remarks regarding its tentative ruling. The trial court correctly recognized, moreover, that even under *Harris*, the award of attorney fees pursuant to section 12695 is discretionary, and it appropriately exercised that discretion. We reject Bustos's arguments to the contrary, which are based on a misreading of *Harris*.

## IV.  DISPOSITION

The order appealed from is affirmed.  Respondents are awarded their costs on appeal.

CODRINGTON

J.

We concur:

RAMIREZ

P.J.

MILLER

J.

Filed 1/16/18

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| WILLIAM BUSTOS, | |
|      Plaintiff and Appellant, | E065869 |
| v. | (Super.Ct.No. MCC1400627) |
| GLOBAL P.E.T., INC., et al., | ORDER CERTIFYING OPINION FOR PUBLICATION |
|      Defendants and Respondents. | |

Requests having been made to this court pursuant to California Rules of Court, rule 8.1120(a) for publication of a nonpublished opinion heretofore filed in the above-entitled matter on December 22, 2017, and it appearing that the opinion meets the standard for publication as specified in California Rules of Court, rule 8.1105(c),

IT IS ORDERED that said opinion be certified for publication pursuant to California Rules of Court, rule 8.1105(b). The opinion filed in this matter on December 22, 2017, is certified for publication.

CERTIFIED FOR PUBLICATION

                                        CODRINGTON

                                                     J.

We concur:

          RAMIREZ

                       P. J.

          MILLER

                       J.