Filed 1/2/25  Kerin v. Superior Court CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| MICHELLE MORRIS KERIN, | |
| Petitioner, | E084987 |
| v. | (Super.Ct.No. RIC2000688) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | OPINION |
| Respondent; | |
| ANGEL RAMIREZ et al., | |
| Real Parties in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate and/or prohibition.

Carol A. Greene, Judge.  Petition dismissed as moot.

Brown & Charbonneau, Gregory G. Brown, Mark M. Higuchi and Joseph M. Dankert for Petitioner.

No appearance for Respondent.

1

Booth Law, Roger E. Booth, Carly L. Sanchez, and Hannah M. Nachef, for Real Parties in Interest.

Petitioner Michelle Morris Kerin is alleged to have previously owned and operated a group home for foster children in Riverside County. In April 2019, a 17-year-old who suffered from cerebral palsy and other chronic medical conditions died while under Kerin's care. Following her death, the Riverside County District Attorney's Office charged Kerin with murder and other related offenses, and the child's parents, plaintiffs and real parties in interest Angel and Alberto Ramirez, filed a wrongful death lawsuit.

In October 2024, Kerin filed an ex parte application in the civil matter requesting to stay or continue the trial, or alternatively to stay discovery, pending resolution of the criminal matter. The court denied the request, and on the same day granted the plaintiffs' motion to compel Kerin to give a deposition.

Kerin challenged the orders by filing a petition for writ of mandate in this court. Kerin argued she cannot be compelled to go to trial or give a deposition in the civil matter because it would violate her Fifth Amendment right not to incriminate herself in the criminal matter. We issued an order to show cause and stayed the proceedings in the civil matter pending our resolution of the petition.

The parties have since entered into a settlement agreement that resolved the civil matter. Both parties are now requesting that we dismiss the petition. We grant their request.

"'It is well settled that an appellate court will decide only actual controversies … . We will not render opinions on moot questions or abstract propositions, or declare

2

principles of law which cannot affect the matter at issue on appeal.'" (*Building a Better Redondo, Inc. v. City of Redondo Beach* (2012) 203 Cal.App.4th 852, 866.) "A case becomes moot when a court ruling can have no practical impact or cannot provide the parties with effective relief." (*Simi Corp. v. Garamendi* (2003) 109 Cal.App.4th 1496, 1503.)

Here, we are unable to provide any effective relief because the parties resolved the issue raised in the petition by settling the civil matter. Kerin will now no longer be compelled to testify or give a deposition in the civil matter while the criminal matter is pending. The parties' settlement has thus rendered the petition moot.

"When [subsequent] events render a case moot, the court, whether trial or appellate, should generally dismiss it." (*Wilson & Wilson v. City Council of Redwood City* (2011) 191 Cal.App.4th 1559, 1574.) Dismissal is the appropriate disposition when the parties have settled underlying matter. (*Ebensteiner Co., Inc. v. Chadmar Group* (2006) 143 Cal.App.4th 1174, 1179; *Watkins v. Wachovia Corp.* (2009) 172 Cal.App.4th 1576, 1588.)

We recognize there are exceptions to the general rule that allow a court to address otherwise moot issues. (See e.g., *County of Fresno v. Shelton* (1998) 66 Cal.App.4th 996, 1006; *Californians for Alternatives to Toxics v. Department of Pesticide Regulation* (2006) 136 Cal.App.4th 1049, 1069.) However, we decline to apply any of the exceptions here. Neither of the parties are requesting that we do so, and we see no reason to do so on our own accord.

3

Therefore, in light of the parties' settlement and request for dismissal of the action, we dismiss the petition as moot. (*Castro v. Superior Court* (2004) 116 Cal.App.4th 1010, 1014, fn. 3.)

**DISPOSITION**

The petition is dismissed as moot, and the stay previously imposed by this court is lifted. The parties shall bear their own costs incurred in these proceedings.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
                                        P. J.


We concur:

McKINSTER
                J.
RAPHAEL
                J.

4